UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| SUMITOMO MITSUBISHI SILICON CORPORATION, aka SUMCO, a corporation of Japan and SUMCO USA CORPORATION, a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>MEMC ELECTRONIC MATERIALS, INC., a Delaware corporation,<br><br>Defendant. | C.A. No. 04-0852-SLR |

**PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR PARTIAL RECONSIDERATION PURSUANT TO LOCAL RULE 7.1.5**

THE BAYARD FIRM
Richard D. Kirk (rk0922)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, Delaware 19899
(302) 655-5000
rkirk@bayardfirm.com
*Attorneys for Plaintiffs*

OF COUNSEL:

RADER, FISHMAN & GRAUER PLLC
R. Terrance Rader
David T. Nikaido
Ellen A. Efros
39533 Woodward Ave., Suite 140
Bloomfield Hills, MI 48304
(248) 594-0600

583921v1

# TABLE OF CONTENTS

Page(s)

TABLE OF AUTHORITIES ............................................................................. ii

I.   STAGE OF PROCEEDING AND SUMMARY OF ARGUMENT ----- 1

II.  STATEMENT OF FACTS ----------------------------------------------------- 3

III. ARGUMENT ----------------------------------------------------------------- 9

   A. Local Rule 7.1.5 Permits This Court To Reconsider Its
      Order Granting Defendant's Motion To Transfer---------------------- 9

   B. This Court Failed To Comprehend The Northern District
      Litigation Or To Credit Properly The Claims Of The
      Amended Complaint ---------------------------------------------------- 10

   C. The Availability Of New Evidence Further Supports
      Reconsideration Of The Court's Decision To Transfer This Action   13

   D. Section 1404(a) Factors Do Not Support Transfer Of This
      Action To The Northern District of California ------------------------ 14

IV.  CONCLUSION---------------------------------------------------------------- 16

# TABLE OF AUTHORITIES

**Cases:**                                                                                            **Page(s)**

*Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*
    99 F.R.D. 99 (E.D. Va. 1983) -------------------------------------------------------- 9

*BP Amoco Chemical Co. v. Sun Oil Co.*
    200 F. Supp.2d 429 (D. Del. 2002) ---------------------------------------------- 10

*Brambles USA, Inc. v. Blocker*
    735 F. Supp. 1239 (D. Del. 1990) ------------------------------------------------ 9

*Ciena Corp. v. Corvis Corp.*
    352 F. Supp.2d 526 (D. Del. 2005) ---------------------------------------------- 9

*Max's Seafood Café ex-rel. Lou-Ann, Inc. v. Quinteros*
    176 F.3d 669 (3d. Cir. 1999) ------------------------------------------------------ 9

*Medtronic Ave, Inc. v. Cordis Corp.*
    2003 U.S. Dist. LEXIS 23580, *4 (D. Del. 2003) ---------------------------- 9

*Willow Bay Associates, LLC v. Immunomedics, Inc.*
    2002 U.S. Dist. LEXIS 10566, *4 (D. Del. 2002) ---------------------------- 10

## I. STAGE OF PROCEEDING AND SUMMARY OF ARGUMENT

On October 5, 2004, Plaintiffs Sumitomo Mitsubishi Silicon Corporation aka SUMCO and SUMCO USA Corporation (hereafter collectively "SUMCO") filed an Amended Complaint for Declaratory Judgment and Other Relief (D.I 14) (hereafter "Amended Complaint"), as well as an Answering Brief in Opposition to Defendant's Motion to Dismiss, Transfer, or Stay (D.I 15). On October 22, 2004, Defendant MEMC Electronic Materials, Inc. ("MEMC") filed a second Motion to Dismiss, Transfer, or Stay and Memorandum in support thereof (D.I 19 and 20) directed to the Amended Complaint.

On November 19, 2004, SUMCO filed an Answering Brief in Opposition to Defendant's October 22, 2004 Motion to Dismiss The Amended Complaint, Transfer, or Stay ("Answering Brief"; D.I. 24) and on December 17, 2004, Defendant filed a Reply Brief in Support of its Motion to Dismiss the Amended Complaint, Transfer, or Stay (D.I. 28).

On March 30, 2005, this Court issued a Memorandum Opinion and Order (D.I. 31 and 32) denying Defendant's Motion to Dismiss and Motion to Stay, but granting Defendant's Motion to Transfer this Action (hereafter "Defendant's Motion") to the United States District Court for the Northern District of California. The basis for the Court's decision to transfer the Action was its belief that "[t]he court in the Northern District Litigation has considered and ruled on many of the issues presented by plaintiffs' amended complaint." Memorandum Opinion ("*Mem. Op.*") at 8. In support of transfer, this Court recited that "[t]he court in the Northern District Litigation has three years of experience with this litigation and has already issued several orders regarding infringement." *Mem. Op.* at 9. Thus, the sole basis for granting Defendant's Motion was

this Court's belief that transfer would serve the "interests of judicial economy" and avoid inconsistent rulings. *Mem. Op.* at 9.

With all due respect, the factual predicates recited by the Court underlying its decision to grant Defendant's Motion to Transfer are erroneous. For example, the Northern District Litigation never considered the issue of infringement of the sole patent at issue in that proceeding, U.S. Patent No. 5,919,302 ("the '302 Patent"). Thus, among other things, this Court's assumption that the Northern District Court's experience with the '302 Patent "may well be helpful in resolving many of plaintiffs' arguments regarding [U.S. Patent 6,287,380] the '380 Patent" (*Mem. Op.* at 9) is without basis.[1]

Based on applicable decisional law, SUMCO submits that a correct understanding of the Northern District Litigation by this Court would have, and should have, resulted in this Court's denying Defendant's Motion to Transfer. Moreover, newly discovered evidence, unavailable at the time Defendant's Motion was briefed and considered by the Court, implicating yet another type of silicon wafer that never was at issue in the Northern District Litigation, further compels reconsideration of the Court's ruling. This newly discovered evidence further demonstrates Defendant's scheme to use its vast patent portfolio to attempt to monopolize the U.S. market for low-defect silicon wafers as alleged in the Amended Complaint (D.I. 14), and supports a new claim never considered by the Court in the Northern District Litigation.

---

[1] As SUMCO demonstrated in its Answering Brief, infringement with respect to the '380 Patent was never an issue in the Northern District Litigation. In fact, that Court refused to entertain any claims in the then pending case with respect to the '380 Patent. *See* SUMCO's Answering Brief (D.I. 24) at 6 (including n.4).

Thus, pursuant to Local Rule 7.1.5, SUMCO moves for reconsideration of that portion of the Court's March 30, 2005, Order granting Defendant's Motion to Transfer on the grounds that the Court made errors of fact with respect to the status and substance of the Northern District Litigation. In support of the instant motion, SUMCO also relies on the existence of newly available evidence further supporting its position that the claims of the Amended Complaint, especially the antitrust claims, are predicated upon facts having nothing to do with any issue considered in the Northern District Litigation.

## II. STATEMENT OF FACTS

In its *Mem. Op.*, this Court correctly recites that the Amended Complaint in this action alleges, among other causes of action, an antitrust claim in violation of Section 2 of the Sherman Act, 15 U.S.C. §2.[2] This Court also correctly recites that the Northern District Litigation was limited to allegations by Defendant that SUMCO infringed and induced infringement of the '302 Patent and that in defense SUMCO asserted that the '302 Patent was not infringed, was invalid, and was unenforceable because of alleged inequitable conduct by Defendant for failing to disclose material prior art to the United States Patent Office.[3] The facts recited by the Court inherently demonstrate the limitation of the prior Northern District Litigation and the distinction between the claims and defenses at issue there and this new antitrust action which alleges violations of Section 2 of the Sherman Act as well as patent misuse. As SUMCO unequivocally demonstrated in its Answering Brief, not only does the Amended Complaint assert an antitrust claim never alleged or entertained in the Northern District Litigation, but the basis of that claim is much broader than enforcement of the single patent, the '302 Patent, at issue in the

---

[2] *See Mem. Op.* at 2, n. 1.
[3] *Id.* at 3-4

prior case. SUMCO's antitrust claims here relate to Defendant's attempt to monopolize the United States market for low defect silicon based on its unlawful enforcement not only of the '302 Patent, but also based on Defendant's unjustified and unjustifiable allegations of infringement of other patents, including the '380 Patent.

Even more importantly, as also demonstrated by SUMCO in its Answering Brief, the sole product at issue in the Northern District Litigation was a silicon wafer sold to Samsung Japan ("the Samsung Wafer") that allegedly infringed the '302 Patent. By comparison, the basis for the claims of the Amended Complaint, including the antitrust claims, are much broader, encompassing other types of wafers, including "test and monitor" and "standard" wafers, sold directly to other SUMCO's customers in the United States such as IBM and Hynix.[4] Thus, even *assuming arguendo* that the Court in the Northern District Litigation had some substantive familiarity with defendant's claims of infringement of the '302 Patent as they relate to the Samsung Wafer, that Court has absolutely no knowledge or familiarity with respect to Defendant's unjustified claims of infringement of the '302 and '380 Patents as applied to other types of silicon wafers sold to other customers of Plaintiffs. Indeed, SUMCO submits, and there is no evidence to the contrary, that the Court in the Northern District Litigation does not even have substantive familiarity with Defendant's claims of infringement of the '302 Patent as such claims relate only to the Samsung Wafer.

In its *Mem. Op.*, this Court correctly notes that at the conclusion of discovery in the Northern District Litigation, the parties filed several "motions for summary judgment:

---

[4] As discussed more fully herein, SUMCO also just recently learned that Defendant is using its "extensive patent estate," to assert to a French customer of SUMCO that yet another type of silicon wafer product supplied by SUMCO is infringing both the '302 and '380 Patents, as well as several other US and European Patents.

583921v1                                4

(1) of zero damages; (2) of invalidity of the '302 patent; (3) of noninfringement of the '302 patent; (4) that the '302 patent correctly lists all inventors; (5) that the asserted claims read on the accused wafers[5]; and (6) that the '302 patent met the enablement requirements of 35 U.S.C. §112)." This Court's own recitation of the motions filed by the parties in the Northern District Litigation demonstrates that any claim of infringement of the '302 and '380 Patents as to other wafers sold to other SUMCO customers was not before the Northern District Court. The Court's own recitation of the motions filed in the Northern District Litigation also demonstrates that SUMCO's antitrust claim, brought here, was not present in the Northern District Litigation, nor was SUMCO's claim of patent misuse.

Similarly, the Court correctly recited that "[t]he court granted [SUMCO's] motion for summary judgment of zero damages and ***then struck all remaining motions for summary judgment***," entering a final judgment of noninfringement. *Mem. Op.* at 4. Thus, the Court recognizes that none of the substantive motions filed by the Parties in California were ever considered in the Northern District Litigation.

In granting Defendant's Motion to Transfer, the Court states --

> The court in the Northern District Litigation has considered and ruled on many of the issues presented by plaintiffs' amended complaint. In particular, ***the court has already considered briefs regarding whether the '302 patent was fraudulently obtained, was invalid under the doctrine of inequitable conduct, or was invalid for patent misuse. Furthermore, the court has already considered whether plaintiffs' Samsung wafer infringed the '302 Patent.***

*Mem. Op.* at 8 (emphasis added). The Court further states –

> The court in the Northern District Litigation has three years of experience with this litigation and already has issued several orders regarding

---

[5] That motion related only to the Samsung Wafer since no other wafers were at issue in the Northern District Litigation.

583921v1                                5

>infringement of the '302 patent. Its grasp of the facts and issues in connection with the '302 patent, together with the similarity between the '302 patent and the '380 patent, make that court a more appropriate venue for the present matter.

*Mem Op.* at 9.

Simply put, and with all due respect, the Court is mistaken in its evident belief that the Court in the Northern District Litigation had before it, considered, or ruled on any of the issues relied upon as a basis for granting Defendant's Motion. Specifically, the Court in the Northern District Litigation (1) *never* "ruled on many of the issues presented by plaintiffs' amended complaint"; (2) *never* "considered briefs regarding whether the '302 patent was fraudulently obtained, was invalid under the doctrine of inequitable conduct, or was invalid for patent misuse"; (in fact, "briefs" on fraud or inequitable conduct were *never* filed and "patent misuse" was *never* an issue in the Northern District Litigation) and (3) *never* "considered whether plaintiff's Samsung wafer infringed the '302 patent." *Mem. Op.* at 8. Indeed, as just stated, the issue of patent misuse was not even present in the Northern District Litigation.

Similarly, the Court in the Northern District Litigation *never* "issued several orders regarding infringement of the '302 patent." *Mem. Op.* at 9. ***In fact, the Court in the Northern District Litigation never issued any order regarding infringement of the '302 Patent.*** With all due deference to this Court, there is no basis for the statement that "[i]ts [the Northern District Court] grasp of facts and issues in connection with the '302 patent," make the California Court "a more appropriate venue for the present matter."

In point of fact, the Court in the Northern District Litigation *never* reached even the limited substantive issue of infringement of the '302 Patent by the Samsung Wafer and no "briefs" on inequitable conduct were ever filed. And it certainly could not have

considered the issue of patent misuse since that issue was not pled by SUMCO in the Northern District Litigation. Thus, the factual predicates on which this Court relies for its conclusion that the interests of judicial economy and avoidance of inconsistent rulings would be served by transfer are without basis.

Moreover, a separate and independent basis exists for reconsideration of the Court's decision granting transfer. Just recently, SUMCO learned that MEMC is using its "extensive patent *estate*" to assert to another SUMCO customer that yet another SUMCO product not only infringes the claims of the '302 and '380 Patents, but other MEMC United States and foreign patents.

On March 16, 2005, SUMCO received an inquiry from a French company, Soitec, informing it that MEMC has asserted that certain of MEMC's patents were pertinent to certain silicon wafers supplied by SUMCO to Soitec.[6] SUMCO's response of March 22, 2005, requested Soitec to provide certain information concerning MEMC's communication.[7] In response to SUMCO, Soitec quoted from the letter it received from MEMC --

> MEMC has an *extensive patent estate* concerning COP-free silicon ingots and wafers * * *. See, for example our US Patent Nos. 5,919,302; 6,236,104; 6,254,672; 6,287,380; and 6,342,725 and European Patent Nos. 972,094, 973,963, and 973,964. We are interested in obtaining further information concerning your UNIBOND product and whether, for example, you believe your UNIBOND product and its preparation fall outside the scope of our *patent estate* and, if so, why.[8]

This is exactly the type of anticompetitive conduct -- now applied to yet another SUMCO product against yet another SUMCO customer -- which is the foundation for SUMCO's antitrust and patent misuse claims as set forth in the Amended Complaint (D.I.

---

[6] *See* Exhibit A hereto.
[7] *See* Exhibit B hereto.

583921v1                                                    7

14). This action by MEMC, well after conclusion of the Northern District Litigation and, indeed, after briefing on Defendant's Motion was completed, further evidences and supports the exact allegations of the Amended Complaint – that MEMC, very publicly, is using its *"extensive patent "estate"* to eliminate competition in the low defect silicon wafer market and to achieve monopoly status. This type of new, yet continuing, anticompetitive conduct *never* was considered in the Northern District Litigation. Indeed, this most recent action by MEMC implicates patents, products and yet another SUMCO customer never at issue in the Northern District Litigation and further supports SUMCO's position that this is a brand new action raising brand new claims with which the California Court has absolutely no familiarity.

---

[8] *See* Exhibit C hereto, March 23, 2005, letter from Soitec to SUMCO.

## III. ARGUMENT

### A. Local Rule 7.1.5 Permits This Court To Reconsider Its Order Granting Defendant's Motion To Transfer

Local Rule 7.1.5 permits a party to file a motion for re-argument of the Court's opinion or decision. The courts in this Circuit have made clear that the purpose of a motion for reconsideration "'is to correct manifest errors of law or fact or to present newly discovered evidence.'" *Medtronic Ave, Inc. v. Cordis Corp.*, 2003 U.S. Dist. LEXIS 23580, *4 (D. Del. 2003), citing *Max's Seafood Café ex-rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d. Cir. 1999). As this Court recognizes, "a court may alter or amend its judgment if the movant demonstrates at least one of the following: (1) a change in the controlling law; (2) the availability of new evidence; or (3) a need to correct a clear error of law or fact or to prevent manifest injustice. *Medtronic*, 2003 U.S. Dist. LEXIS at *4. Accordingly, a Court in this District can grant a motion for reconsideration when, among other things, it "'patently misunderstood a party'" or "'has made an error not of reasoning but of apprehension.'" *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990), citing *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99,101 (E.D. Va. 1983). Although motions for reconsideration are granted "sparingly," decisional law from this District demonstrates that such motions are granted under the appropriate circumstances when one of the foregoing factors is satisfied.

For example, in the *Medtronic* case, this Court granted a motion for reconsideration and vacated a prior order based, at least in part, on "recent events," that occurred subsequent to its original decision. *See* 2003 U.S. Dist LEXIS 23580 at *11-14. Similarly, in *Ciena Corp. v. Corvis Corp.*, 352 F. Supp.2d 526, 528-529 (D. Del. 2005),

583921v1                                    9

Judge Farnan, determined that reconsideration of his prior Memorandum Opinion and Order was appropriate, concluding that the court erred in its conclusion respecting waiver of a license defense.

And in *Willow Bay Associates, LLC v. Immunomedics, Inc.*, 2002 U.S. Dist. LEXIS 10566, *4 (D. Del. 2002), the Court granted reconsideration of plaintiff's motion, agreeing that it had made an error by not allowing plaintiff to present certain evidence and vacated its prior order granting summary judgment and re-opening the case. In *BP Amoco Chemical Co. v. Sun Oil Co.*, 200 F. Supp.2d 429, 435, 437 (D. Del. 2002), Judge McKelvie granted Plaintiff's motion for reconsideration in part and vacated the dismissal of certain claims of the complaint. Among other factors considered by the court in vacating its prior ruling was its recognition that it overlooked and also failed to properly credit certain allegations of the complaint. The Court admitted that it had misunderstood certain claims of the complaint and made an error of "apprehension."

As discussed below, consideration of the factors applied by the courts in this district supports granting Plaintiffs' Motion for Partial Reconsideration and vacating the Court's prior ruling with respect to transfer.

### B. This Court Failed To Comprehend The Northern District Litigation Or To Credit Properly The Claims Of The Amended Complaint

The sole basis for granting Defendant's Motion to Transfer appears to be the Court's apparent belief that the Court in the Northern District Litigation had substantial familiarity with the issues of whether the '302 patent was fraudulently obtained, was invalid under the doctrine of inequitable conduct, or was invalid for patent misuse. The Court also appeared to believe, Sumco submits mistakenly, that the California Court had

considered whether Plaintiffs' Samsung Wafer infringed the '302 patent and had "issued several orders regarding infringement of the '302 patent." *Mem. Op.* at 8 and 9.

There is nothing in the papers submitted by either party, however, to support these findings and, in fact, the evidence is to the contrary. As discussed in Section II above, the Court in the Northern District Litigation *never* issued any decisions or findings on any of the substantive issues raised by Defendant's claims or Plaintiffs' defenses thereto. In three (3) years of litigation before the California Court, no decisions were issued respecting fraud, inequitable conduct, infringement, or patent misuse. In fact, as discussed previously, no "briefs" regarding fraud or inequitable conduct ever were filed. Moreover, the claim of patent misuse was not even made by Plaintiffs in the Northern District Litigation since the facts necessary to support such claim did not become evident until very late in that proceeding when the California Court already had made clear that it was not going to entertain any new claims whatsoever.[9] Thus, the Court in the Northern District Litigation has no more familiarity than this Court in connection with the issues and claims raised in the Amended Complaint.

Moreover, the Court's analysis of the factors supporting transfer wholly overlooks the claims of the Amended Complaint which implicate silicon wafers sold to other SUMCO customers that have nothing whatsoever to do with the Samsung Wafer at issue in the Northern District Litigation.[10] The Court in the Northern District Litigation has absolutely no familiarity with these claims. Consideration of these claims by either Court would encompass brand new evidence both as to wafers distinct from the Samsung Wafer, as well as Defendant's actions vis-à-vis other SUMCO customers concerning

---

[9] *See* Plaintiffs' Answering Brief at 6-7.
[10] *See* Plaintiff's Amended Complaint (D.I. 14) at ¶¶ 2-3, 39, 49, and 50.

MEMC's unjustified threats to enforce its vast *"patent estate"* to Plaintiffs' detriment. These issues simply were never considered in the Northern District Litigation. The California Court's limited, non-substantive experience with Defendant's allegations of infringement of the '302 Patent by the Samsung Wafer provide it with no more "grasp of the facts and issues" than this Court to determine such claims.

Fundamentally, this Court's analysis of the factors supporting transfer does not give credit to the fact that this is an antitrust case. The Court did not consider the allegations of the Amended Complaint of a vast anticompetitive scheme by Defendant to suppress competition in the low defect silicon wafer market to allow it to achieve monopoly status.[11] In furtherance of this scheme, as set out in the Amended Complaint, Defendant, very publicly, is attempting to obtain and enforce a vast and all-encompassing patent domain[12] to limit customers' options for the purchase of low defect silicon wafers. And to achieve this all-encompassing patent domain, or "patent estate" as referred to in Defendant's very recent communication with SUMCO's customer, Soitec, Defendant, as set out in the Amended Complaint, has engaged in unlawful and unjustifiable conduct, including misrepresentations and material omissions to the United States Patent Office to obtain its patents, and intimidation of SUMCO's customers by unsupportable allegations of infringement.[13]

The claims presented by the Amended Complaint, especially those directed to violations of Section 2 of the Sherman Act and patent misuse, are *new* claims creating a *new* action never considered by the Court in the Northern District Litigation. Thus, there

---

[11] *See Amended Complaint* at ¶¶ 2-3.
[12] *See Amended Complaint* at ¶¶ 1, 15, and 39.
[13] *See Amended Complaint, e.g.,* at ¶¶ 2-3, 32, 36, 37, 44, 50, 58, 59, and 61.

is absolutely no possibility of "inconsistent rulings" to support the Court's determination that the California Court is a "more appropriate forum" for the present matter.[14] Moreover, even if Defendant were to prevail on its appeal to the U.S. Court of Appeals for the Federal Circuit[15], the California Court has made clear that such *new* claims would need to be brought in a *new* action which may or may not be assigned to the same judge as the prior Northern District Litigation. Indeed, even if it were assigned to the same judge, that judge has absolutely no "grasp of the facts and issues in connection with the [Amended Complaint], which would support transfer on the basis of "the interests of judicial economy."

Sumco submits that this Court made an error of "apprehension" when it determined that transfer was appropriate based on its belief that the Court in the Northern District Litigation had substantial familiarity with the issues of infringement of the '302 patent and inequitable conduct and could apply such knowledge to the *new* claims and *new* causes of action of the Amended Complaint. To the contrary, nothing in the record suggests that either the avoidance of inconsistent rulings or the interests of judicial economy will be served by transfer. And when these factors are stripped away, nothing supports the Court's decision to transfer this action to the Northern District of California.

C. **The Availability Of New Evidence Further Supports Reconsideration Of The Court's Decision To Transfer This Action**

As noted above in Section III. A, one basis for granting a motion for reconsideration is the existence of new evidence not available at the time the court made its prior ruling. Such is the situation here.

---

[14] *See Mem. Op.* at 9.
[15] *See Mem. Op.* at 4-5

583921v1                                                          13

As set forth in Section II, very recently, after Defendant's Motion was fully briefed and submitted, SUMCO learned that Defendant, once again, was newly engaged in the very type of anticompetitive conduct complained of in the Amended Complaint. Defendant's conduct vis-à-vis SUMCO's customer Soitec, threatening, at least implicitly, that purchase of yet another type of silicon wafer product from Plaintiffs may infringe a *number* of Defendant's patents (including, but not limited to, the '302 and '380 Patents) is brand *new* evidence of Defendant's monopolistic intent, giving further credence to the claims of the Amended Complaint. This brand *new* evidence never could have been considered by the Court in the Northern District Litigation since it just arose in March, 2005. The Court in the Northern District Litigation has no familiarity with this *new* evidence or with the Soitec product now also alleged to infringe a *number* of Defendant's patents.

As in the *Medtronic* case, these "recent events," subsequent to the Court's ruling, further evidencing the anticompetitive conduct of Defendant, with which the California Court has no familiarity, support reconsideration of the Court's decision to transfer this action to the Northern District of California. Again, neither the avoidance of inconsistent rulings nor the "interests of judicial economy" will be served by transfer of an action to a Court that has no knowledge of the claims or the facts underlying such claims.

**D. Section 1404(a) Factors Do Not Support Transfer Of This Action To The Northern District of California**

This Court properly recognizes that "[t]he burden of establishing the need to transfer rests with the movant 'to establish that the balance of convenience of the parties and witnesses strongly favors the defendants.'" *Mem. Op.* at 6 (citations omitted). This

Court did not make any such finding and, indeed, Defendant never made an argument to attempt to establish that the "balance of convenience" favors transfer.[16]

By comparison, as properly recognized by this Court, "plaintiff's choice of forum is still of paramount consideration" and, accordingly, "plaintiff's choice of forum will apply as long as a plaintiff selected the forum for some legitimate reason." *Mem. Op.* at 6 (citations omitted). Again, this Court never made any finding that SUMCO did not select this forum for a legitimate reason or that SUMCO's choice of forum should not be of "paramount consideration." Moreover, Defendant never offered any argument to suggest otherwise.

The only basis for this Court's decision to transfer the action to the Northern District of California was its mistaken belief as to the scope of that Court's knowledge of and prior rulings concerning the '302 Patent. When these factors, however, are corrected to reflect that the California Court did not ever consider whether SUMCO's Samsung Wafer infringed the '302 Patent; never issued any order regarding such infringement; never received "briefs" on the issues of inequitable conduct or fraud; and never had before it the issue of patent misuse, the Section 1404(a) factors clearly support a determination that Defendant's Motion should have been denied and that SUMCO's choice of forum should be respected.

---

[16] *See Plaintiffs' Answering Brief* at 31.

583921v1                               15

## IV. CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that pursuant to Local Rule 7.1.5, this Court reconsider its prior ruling granting Defendant's Motion to Transfer and vacate that portion of its March 30, 2005 Order and Memorandum Opinion transferring this action to the Northern District of California.

THE BAYARD FIRM

April 13, 2005

/s/ Richard D. Kirk
Richard D. Kirk (rk0922)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, Delaware 19899
(302) 655-5000
rkirk@bayardfirm.com
*Attorneys for Plaintiffs*

OF COUNSEL:

RADER, FISHMAN & GRAUER PLLC
R. Terrance Rader
David T. Nikaido
Ellen A. Efros
39533 Woodward Ave., Suite 140
Bloomfield Hills, MI 48304
(248) 594-0600

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on April 13, 2005, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Patricia Smink Rogowski, Esquire
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19801

The undersigned counsel further certifies that copies of the foregoing document were sent by email and hand to the above local counsel and by email and first class mail to the following non-registered participants:

Robert M. Evans, Jr.
Marc VenderTuig
SENNIGER POWERS
One Metropolitan Square, Suite 1600
St. Louis, MO 63102

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

578212v1