IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SUMITOMO MITSUBISHI SILICON CORPORATION, aka SUMCO, a corporation of Japan and SUMCO USA CORPORATION, a Delaware corporation, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 04-852-SLR |
| vs. | ) ) ) | |
| MEMC ELECTRONIC MATERIALS, INC., a Delaware corporation, | ) ) ) ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWERING BRIEF ON PLAINTIFFS'
MOTION FOR PARTIAL RECONSIDERATION**

          Patricia S. Rogowski (I.D. #2632)
          Rudolf E. Hutz (I.D. #484)
          CONNOLLY BOVE LODGE & HUTZ LLP
          The Nemours Building
          1007 North Orange Street
          P.O. Box 2207
          Wilmington, DE 19899
          (302) 658-9141

          SENNIGER POWERS
          Robert M. Evans, Jr.
          One Metropolitan Square, Suite 1600
          St. Louis, MO 63102
          (314) 231-5400

Date: April 27, 2005          Attorneys for Defendant,
                                        MEMC ELECTRONIC MATERIALS, INC.

This Court correctly concluded that the three years of experience (and over 400 docket entries) with this litigation by the Northern District of California provides a compelling reason to transfer the present lawsuit from Delaware back to the Northern District of California. Nothing recited in plaintiffs' brief in support of their Motion for Partial Reconsideration (D.I. 34) should cause this Court to reverse its decision to transfer this case. Plaintiffs' motion should be denied.

Indeed, in the Northern District case, Judge Armstrong has already studied extensive *Markman* briefing, viewed competing powerpoint presentations, and conducted a live *Markman* hearing where the parties called witnesses to testify as to the meaning of the asserted claims of the '302 patent (D.I. 11, Exhibit 2 – N.D.Ca. #28-30, 35, 39, 64, 91, 94 & 109). Judge Armstrong has already issued a *Markman* Order interpreting the claims of the '302 patent (D.I. 11, Exhibit 2 – N.D.Ca. #100). The *Markman* Order directly supports MEMC's infringement contentions and shows that the '302 patent is valid over all of the prior art SUMCO has cited in the litigation. The *Markman* Order also directly supports MEMC's contention that all material prior art known to the inventive group was cited during prosecution such that there was no fraud on the patent office or inequitable conduct during prosecution of the '302 patent application (and that there is no patent misuse or antitrust violation as SUMCO asserts here, either).

In addition to the *Markman* Order, Judge Armstrong also studied extensive *Daubert* briefing in which SUMCO challenged the scientific basis for the numerous test results contained in the 480 page expert report prepared by MEMC's infringement expert (D.I. 11, Exhibit 2 – N.D.Ca. #141-144, 189-194 & 201). Following her study of that report, Judge Armstrong entered an Order requiring MEMC to provide her with

1

additional scientific publications concerning questions she had about the test results (D.I. 11, Exhibit 2 – N.D.Ca. #266). MEMC responded with an additional substantial filing to Judge Armstrong proving the established scientific basis for each of the tests conducted and reported on in MEMC's expert report on infringement (D.I. 11, Exhibit 2 – N.D.Ca. #287-289). Judge Armstrong thus has detailed knowledge of the proper claim interpretation and of the rigorous scientific testing used to prove infringement. Her numerous Orders manifest that knowledge.

Throughout the proceedings in the Northern District of California, SUMCO asserted to Judge Armstrong that the '302 patent was invalid and unenforceable (D.I. 11, Exhibit 2 – *e.g.*, N.D.Ca. #7, 10, 20, 26, 123-125, 127, 128 & 130). This is in addition to the substantial summary judgment briefing the parties filed (D.I. 11, Exhibit 2 – N.D.Ca. #250-253, 290-295, 298-305 & 318-319) and, upon Judge Armstrong's review and subsequent Order (D.I. 11, Exhibit 2 – N.D.Ca. #327), refiled on issues such as claim coverage, infringement, inventorship and validity (D.I. 11, Exhibit 2 – N.D.Ca. #341-346, 353, 357-362 & 364-365).

Judge Armstrong thus has developed extensive knowledge concerning the proper interpretation of the claims and the sophisticated testing needed to show infringement of those claims. Her prior Orders directly support the validity, enforceability and infringement of the '302 patent.

Moreover, the parties conducted substantial discovery in the Northern District and appeared before Judge Armstrong and U.S. Magistrate Judge Spero on many discovery disputes, motions to strike or amend, status conferences, and an unsuccessful contempt motion brought by SUMCO (D.I. 11, Exhibit 2 – N.D.Ca. #49-51, 57, 59-62, 66, 71, 72

78, 95, 96, 102, 103, 106, 110, 148-150, 156-158, 163-167, 169, 175-179, 186, 204-205, 213-216, 220, 225, 238-240, 262-264 & 267). This led to five separate Orders concerning discovery and two Orders denying SUMCO's motion for contempt, as well as several other Orders (D.I. 11, Exhibit 2 – *e.g.,* N.D.Ca. #63, 65, 92, 107, 108, 180, 229, 233, 234, 236 & 282).

In the Amended Complaint (D.I. 14) beginning at page 13 entitled "Filing Sham Litigation" and continuing through page 17, SUMCO asserts that the Northern District Litigation was a sham sufficient to vitiate the *Noerr-Pennington* protection that would ordinarily be afforded to MEMC. Certainly the Northern District's long history with the litigation gives it far greater experience and understanding in making any "sham litigation" determinations than this Court would have. Transfer of this case to the Northern District thus will strongly promote judicial economy and will avoid any potential for inconsistent rulings. This is particularly so where, as here, Judge Armstrong has already denied SUMCO's motion for attorney's fees where her findings in the Order denying fees strongly support the conclusion that the Northern District litigation was not a "sham" (D.I. 11, Exhibit 2 – N.D.Ca. #433).

In view of the numerous Orders entered by the Northern District (including the separate *Markman* and *Daubert* Orders) and the extensive litigation that occurred there over a three year period, there is no basis for SUMCO's incautious attack on this Court's Order transferring this case to the Northern District. There can be no doubt that the Northern District is far better positioned to address the numerous redundant issues presented in SUMCO's First Amended Complaint with the issues already considered and/or decided by Judge Armstrong and Judge Spero. And given the common subject

matter and need for consistency of interpretation between the '302 and '380 patents (both as to the *Markman* and *Daubert* issues), SUMCO's insertion of the '380 patent into the First Amended Complaint provides only more reason to transfer this case.

SUMCO's argument at page 12 of its Brief (D.I. 34) that this Court allegedly failed to recognize that "this is an antitrust case" has no merit. SUMCO's allegations concerning the related '302 and '380 patents permeate its antitrust allegations. And the Northern District has already had extensive experience with the subject matter of those patents. Further, antitrust case or not, a primary thrust of SUMCO's antitrust contentions is that the Northern District '302 patent litigation was a "sham". (D.I. 14 at pages 13-17) SUMCO cannot now avoid all of the Northern District's experience with the '302 patent simply by recasting its '302 patent arguments as an "antitrust claim." The label has changed, but the substance of SUMCO's allegations has remained very much the same as SUMCO's allegations in the extensive Northern District litigation.

Whether or not Count I is cast as an antitrust claim, Counts II, III, IV and V of the Amended Complaint (D.I. 14) are all patent counts based on the related '302 and '380 patents. The Northern District has already entered substantive claim interpretation and infringement testing Orders. The plethora of common subject matter simply drives the decision to transfer this lawsuit. In the event MEMC is successful on its appeal of the Northern District judgment (oral argument at the Federal Circuit was April 4, 2005), Counts II, III and IV as they relate to the '302 patent here <u>will exactly duplicate</u> ongoing allegations asserted by SUMCO in the Northern District litigation (D.I. 11, Exhibit 2 – N.D.Ca. #26). <u>There is no possible reason to have two separate federal district courts deciding the same issues.</u>

The briefing on MEMC's initial motion to dismiss, stay or transfer this litigation also proves the judicial need to transfer this litigation back to the Northern District. Without repeating all of that briefing, numerous positions SUMCO has asserted to this Court are diametrically opposed to positions SUMCO argued before the Northern District. *See, e.g.,* Defendant's Initial Brief on the Motion to Dismiss the Amended Complaint, Stay or Transfer (D.I. 20) at pages 12-21; Defendant's Reply Brief (D.I. 28) at pages 10-12 (Paragraph K). The Northern District, having lived this litigation for three years, will be far better positioned to cut through the issues efficiently, and in a manner consistent with its past Orders and with SUMCO's past representations to the Northern District.

SUMCO's argument that it now has "new evidence" also has no merit. The "new evidence" is a letter MEMC wrote to <u>third party</u> Soitec in France in response to allegations Soitec had previously made against MEMC (D.I. 34, Exhibit A). <u>The MEMC letter makes no reference to SUMCO</u> (D.I. 34, Exhibit C). And to the extent SUMCO has any relation to the letter, it seems from the correspondence between Soitec and SUMCO that that relation only concerns certain European patents owned by MEMC (D.I. 34, Exhibits A and C). Soitec did not ask SUMCO for any information concerning the '302 patent, the '380 patent or the other U.S. patents identified in the letter (D.I. 34, Exhibits A and C). The letter provides no basis for this Court to reverse its decision to transfer this case to the Northern District.

## CONCLUSION

This Court has not misapprehended, misunderstood or made any errors of judgment concerning the numerous redundant issues between this lawsuit and the one filed and still pending in the Northern District of California. Nor has this Court erred in determining that the Northern District has already developed extensive file knowledge concerning this dispute and entered numerous orders which will directly affect the outcome. Judicial economy and the avoidance of inconsistent rulings strongly support this Court's present Order transferring this case to the Northern District of California. For all of these reasons, plaintiffs' motion for reconsideration should be denied.

Dated: April 27, 2005                    Respectfully submitted,

By: /s/ Patricia S. Rogowski
Patricia S. Rogowski (I.D. #2632)
Rudolf E. Hutz (I.D. #484)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

SENNIGER POWERS
Robert M. Evans, Jr.
One Metropolitan Square, Suite 1600
St. Louis, MO 63102
(314) 231-5400

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I, Patricia S. Rogowski, hereby certify that on this 13th day of April, 2004 I electronically filed **DEFENDANT'S ANSWERING BRIEF ON PLAINTIFFS' MOTION FOR PARTIAL RECONSIDERATION** with the Court Clerk using CM/ECF which will send notification of such filing(s) to Richard D. Kirk. I hereby further certify that on this 27th day of April, 2005, I have served this document on the attorneys of record at the following addresses as indicated:

**Via Hand Delivery**
Richard D. Kirk, Esquire
The Bayard Firm
222 Delaware Avenue, 9th Floor
P.O. Box 25130
Wilmington, DE 19899

**Via Federal Express**
R. Terrance Rader, Esquire
Lisa R. Mikalonis, Esquire
Rader Fishman & Grauer PLLC
39533 Woodward, Suite 140
Bloomfield Hills, MI 48304

David T. Nikaido, Esquire
Rader Fishman & Grauer PLLC
1233 20th Street, N.W., Suite 501
Washington, D.C. 20036

_____
Patricia S. Rogowski (#2632)